## MAJORY v. SCHUBERT et al.

(Supreme Court, Appellate Division, First Department. April 17, 1903.)

1. CONTRACTS—CONSIDERATION.

> A promise made by contractors after a subcontractor had done work outside his contract, and not shown to be within their contract, to pay him therefor, is without consideration.

2. COSTS.

> Costs should not be allowed plaintiff in an action in the Supreme Court where he sues for a balance of $47 on a building contract, and recovers but $2.65.

Appeal from Special Term, New York County.

Action by William F. Majory against John Schubert and others. From a judgment for plaintiff, entered after trial at the special term, against certain defendants, they appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edward Miehling, for appellants.

James C. De La Mare, for respondent.

INGRAHAM, J. The plaintiff filed a notice of a mechanic's lien with the clerk of the city of New York for the sum of $47. This notice stated that the defendant Durando, lessee of the premises, entered into a contract with the defendants John Schubert and Conrad Link, composing the firm of Link & Schubert, for the erection of a three-story roadhouse; that the appellants entered into a contract with the plaintiff whereby the lienor agreed to erect and finish the mason work of said building to be erected on said premises, and for which the said firm of Link & Schubert agreed to pay the said lienor the sum of $1,600, to be paid as the work progressed; that, in addition to the work provided for in said contract, the lienor performed other work, in plastering a dumb waiter, which was reasonably worth the sum of $12, and which was not provided for in the specifications. It is not alleged in the notice of lien that this extra work in plastering a dumb waiter was at the request of the appellants, or was a part of their contract with the lessee of the premises. The plaintiff then brought this action to foreclose this $47 lien, making the owners of the property, the tenant who made the contract with the appellants, and the appellants, parties defendant.

The complaint alleges that the defendant Durando was in actual possession of the premises as lessee; that Durando made a contract with the defendants Link & Schubert for the erection of this house upon the leased premises, and thereby promised to pay to the appellants a sum of money exceeding $10,000; that the contractors performed the conditions of said contract on their part to be performed, and so far completed the same as to be entitled at the time of filing of the notice of lien by the plaintiff to receive a payment from Durando largely in excess of the amount of the plaintiff's claim, and that there was due to the appellants from Durando a sum in excess of the plaintiff's claim; that the appellants entered into a contract with the plaintiff whereby the plaintiff agreed to erect and finish the mason work for

said building, and that in pursuance of such contract the plaintiff did and performed all the work and furnished all the materials provided for in said contract, and that the same were actually used in the erection thereof; that, at the special instance and request of the defendants Schubert & Link, the plaintiff did and performed certain other work in plastering a dumb waiter on said premises, which was reasonably worth the sum of $12, and which was not provided for in said contract; that the defendants Schubert & Link have paid on account of said sum of $1,612 the sum of $1,565, leaving a balance due to the plaintiff on the 21st day of July, 1899, of $47; and that on or about the 4th day of October, 1899, the sum of $47, and interest thereon (being the amount of said lien), was deposited with and paid to the clerk of the county of New York by Durando or the appellants out of the amount due under said contract. The answer denies that the plaintiff completed the work, and alleges that the appellants were entitled to a credit on said contract of $33.73 for the work that the plaintiff failed to do, leaving unpaid the sum of $1.27, which the defendants tendered to the plaintiff prior to the commencement of the action, and denies that the plaintiff performed the work of plastering the dumb waiter at the instance and request of the appellants.

Upon the trial the plaintiff testified that he did not concrete the area and the walls between the sleepers. He offered to make an allowance of $14.35 for not concreting the area, and also an allowance for the failure to concrete between the sleepers. It seems that the cost of doing the work that plaintiff did not do was $14.35 for the area and $18 for the sleepers, making a total of $32.35; and that, added to the payments consisting of $1,565, makes the amount still owing by the appellants under the contract $2.65. The plaintiff testified that plastering the dumb waiter was not in the contract; that the studs of the partition were set by the contractors on the job; that while he was doing the work one of the defendants was there every day or two; that after the work was done he saw Schubert, one of the appellants; that Schubert wanted to pay for the extra work under the condition that he was to make allowance for the things that he did not do; that he made the allowance, and that the appellants promised to pay him for plastering the dumb waiter; that he got no order to do the work, but his men were there, and they did not know any difference; that it had to be done in order to complete the building. Schubert, one of the appellants, testified that he never had any conversation with the plaintiff in regard to the dumb waiter; that he never promised to pay for plastering it.

It is difficult to see upon what principle the plaintiff can be entitled to recover for plastering this dumb waiter. It was either a part of the contract, or it was not. If it was a part of the contract, then plaintiff was not entitled to be paid for it as extra work. If it was not part of the contract, to make the appellants, who were contractors, liable, they must have ordered it. The work was not done by the plaintiff, but by a subcontractor, and it was done because this subcontractor supposed it was to be done; and apparently the workmen did it because it was there to be done, and they did not know

that it was not a part of the contract. After the plaintiff found that his subcontractor had done this work, which he claimed was not a part of his contract, he demanded that his contractors should pay for it as extra work, which was refused. The plaintiff said at one time the appellants had promised to·pay him for it, but such a promise after the·work was performed was clearly without consideration. The plaintiff sought to connect this promise to pay with the allowance that he made for the work which he did not perform; but he made no such allowance, as he filed his lien for the full amount of the contract, including the amount that the defendants claimed they were entitled to be allowed for work which the plaintiff did not do, and sought to enforce it for that amount. There was no allowance, therefore, that the plaintiff made for work that he did not do, which could be construed as a consideration for a promise to pay for work which the plaintiff's subcontractor did outside of the contract, and which, so far as appears, the appellants were not bound to do, and for which they have not been paid by the person with whom they made their contract. These appellants, against whom·this lien is enforced, were not the owners of the building. They received no possible benefit from plastering this dumb waiter for which the plaintiff seeks to hold them responsible, and a statement that they would pay an amount which was not their indebtedness, and for which they were not liable, based upon no consideration, could not sustain a demand for the amount of the extra work. The plaintiff apparently was entitled to $2.65, and that was all that he was entitled to recover. To recover this sum of money, the plaintiff has been awarded a judgment for costs of $120.64. We think, in such an action, for such an amount, in the Supreme Court, costs should not have been awarded.

It follows that the judgment appealed from must be modified by reducing the recovery to the sum of $2.65, and, as modified, affirmed, without costs in the court below, and with costs to the appellant in. this court. All concur.